# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: L.C.**

**No. 13-1005** (Mercer County 12-JA-09)

**FILED**

**April 28, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father, by counsel David Kelley, appeals the Circuit Court of Mercer County's September 4, 2013, order terminating his parental, custodial, and guardianship rights to L.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Michael Jackson, filed its response in support of the circuit court's order. The guardian ad litem, Thomas Fuda, filed a response on behalf of the child supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying him a dispositional improvement period and terminating his parental, custodial, and guardianship rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2012, the DHHR filed an abuse and neglect petition against the child's mother and stepfather based upon allegations that the stepfather sexually assaulted another child in the home.[1] Thereafter, in March of 2012, the DHHR filed an amended petition against Petitioner Father alleging educational and medical neglect of L.C.

In August of 2012, the circuit court held an adjudicatory hearing, finding Petitioner Father to be a neglectful parent. The following month, the circuit court granted Petitioner Father a post-adjudicatory improvement period, which was extended in February of 2013. The terms of the improvement period granted Petitioner Father visitation with L.C. and directed him to maintain a stable home and to refrain from associating with registered sex offenders. In August of 2013, Petitioner Father was arrested in Mecklenburg County, North Carolina, for allegedly attempting to obtain property by false pretenses and for making a false statement to purchase a firearm.[2] In August of 2013, the circuit court held a dispositional hearing and terminated

---

[1] Petitioner Father was granted custody of L.C. by order entered on June 30, 2011, by the Family Court of Mercer County.

[2] These alleged crimes were a violation of Petitioner Father's parole in Tazewell, Virginia. The record before this Court does not evidence why Petitioner Father was on parole in the Commonwealth of Virginia. Additionally, the Circuit Court of Mercer County issued a bench

Petitioner Father's parental, custodial, and guardianship rights. It is from this order that Petitioner Father now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of Petitioner Father's motion for a dispositional improvement period or the termination of his parental, custodial, and guardianship rights. West Virginia Code § 49-6-12(c) grants circuit courts discretion in granting dispositional improvement periods upon a written motion and a showing, by clear and convincing evidence, that the parent will fully participate in the same. The record in this matter supports the circuit court's denial. First, the record is devoid of any evidence that Petitioner Father filed a written motion requesting a dispositional improvement period. Additionally, Petitioner Father failed to show, by clear and convincing evidence, that he would have fully complied with the terms of a dispositional improvement period. The circuit court heard testimony that Petitioner Father only sporadically exercised his visitation rights with L.C. and failed to maintain a stable home as evidenced by his recent arrests and violations of the conditions of parole during his post-adjudicatory improvement period. For these reasons, it is clear that Petitioner Father failed to file a written motion and establish by clear and convincing evidence, that he would have fully participated in a dispositional improvement period. Thus, it was not error for the circuit court to deny Petitioner Father a dispositional improvement period.

As to the termination of Petitioner Father's parental, custodial, and guardianship rights, the Court finds no error in this regard because the circuit court found that there was no reasonable likelihood that Petitioner Father could substantially correct the conditions of abuse or neglect in the near future. West Virginia Code § 49-6-5(a)(6) directs circuit courts to terminate parental rights upon such findings. Petitioner Father argues that he corrected the conditions of neglect and that it was error for the circuit court to terminate his parental, custodial, and guardianship due to his current legal troubles. However, Petitioner Father fails to recognize that

---

warrant for Petitioner Father's failure to appear following a felony indictment against him in June of 2013.

the circuit court based its termination on other factors besides his current incarceration.[3] These include Petitioner Father's failure to visit with the child during his post-adjudicatory improvement period, his failure to maintain a stable home, exposing his child to a registered sex offender, and his failure to cooperate with his improvement period. Therefore, termination of Petitioner Father's parental, custodial, and guardianship rights was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 4, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[3]Petitioner Father is currently incarcerated in the Commonwealth of Virginia after being extradited from North Carolina following a parole violation. The record is devoid of any evidence regarding Petitioner Father's underlying crimes in the Commonwealth of Virginia or his current terms of incarceration for violating the conditions of his parole.